**BAKER BOTTS L.L.P.**
Jonathan A. Shapiro (SBN# 257199)
jonathan.shapiro@bakerbotts.com
101 California Street, Suite 3600
San Francisco, CA 94111
Telephone:      (415) 291-6204
Facsimile:      (415) 291-6304

Van H. Beckwith (*pro hac vice* to be filed)
van.beckwith@bakerbotts.com
Jessica E. Underwood (*pro hac vice* to be filed)
jessica.underwood@bakerbotts.com
2001 Ross Avenue, Suite 600
Dallas, TX 75201-2980
Telephone:      (214) 953-6500
Facsimile:      (214) 953-6503

Attorneys for Defendants
DR PEPPER SNAPPLE GROUP, INC. AND
DR PEPPER/SEVEN UP, INC.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKIE FITZHENRY-RUSSELL AND ROBIN DALE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DR PEPPER SNAPPLE GROUP, INC., DR PEPPER/SEVEN UP, INC., and DOES 1-50,<br><br>Defendants. | Case No. _____<br><br><br>**DEFENDANTS DR PEPPER SNAPPLE GROUP, INC. AND DR PEPPER/SEVEN UP, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332(a) AND (d), 1441(b), 1446, AND 1453** |

1

**DEFENDANTS' NOTICE OF REMOVAL**

2

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendants Dr Pepper Snapple

3

Group, Inc. ("DPSG")[1] and Dr Pepper/Seven Up, Inc. ("DPSU") remove the above-captioned

4

civil action, formerly pending in the Superior Court in the State of California, County of Santa

5

Cruz, to the United States District Court for the Northern District of California, San Jose

6

Division.  A copy of the service of process, summons, and Class Action Complaint are attached

7

as Exhibit A (Complaint) ("Exh. A").  As grounds for removal, Defendants state the following:

8

**Introduction**

9

1.       Plaintiff Jackie Fitzhenry-Russell is a resident of Santa Cruz, California.  *See* Exh.

10

A, ¶ 5.

11

2.       Plaintiff Robin Dale is a resident of Guernville, California.  *See id.* ¶ 6.

12

3.       Defendant Dr Pepper Snapple Group, Inc. ("DPSG") is, and was at the time this

13

matter was filed, incorporated under the laws of the State of Delaware, with its principal place of

14

business in Plano, Texas.  *See id.* ¶ 7.

15

4.       Defendant Dr Pepper/Seven Up, Inc. ("DPSU") is, and was at the time this matter

16

was filed, incorporated under the laws of the State of Delaware, with its principle place of

17

business in Plano, Texas.  *See id.* ¶ 8.

18

5.       On December 18, 2016, Plaintiffs filed the instant action in the Superior Court of

19

the State of California, County of Santa Cruz.  *See id.* at 1.  Plaintiffs served Defendants on

20

January 5, 2017.  *See id.*

21

6.       Defendants now remove this action to this Court pursuant to 28 U.S.C. §§ 1332,

22

1441, 1446, and 1453.  This Court has removal jurisdiction over this action on at least two

23

separate bases, as set forth below.

24

**First Ground for Removal: Class Action Removal Jurisdiction**

25

7.       This Court has removal jurisdiction of this action pursuant to 28 U.S.C.

26

§§ 1332(d), 1453 (federal jurisdiction over class actions as established by the Class Action

27

---

28

[1]In removing this action, DPSG does not waive any argument that it is not appropriately named as a defendant to this action.

Fairness Act ("CAFA")).  Pursuant to §§ 1332(d)(2) and 1453(b), a putative "class action" may be removed to the appropriate United States District Court if (in relevant part):  (a) the amount in controversy with respect to the putative class exceeds $5,000,000, exclusive of interest and costs, and (b) there is minimum diversity insofar as any member of the putative class is a citizen of a state different from any defendant.

8.      This action is a putative "class action" within the meaning of §§ 1332(d)(1)(B) and 1453(a), because Plaintiffs (i) seek to bring it "on behalf of themselves, the general public, and those similarly situated," *see* Exh. A, ¶ 1; and (ii) seek to represent a class of persons in a civil action filed under CAL. CIV. CODE § 1781 and CAL. BUS. & PROF. CODE 17200, *et seq.*, which "authoriz[e] an action to be brought by 1 or more representative persons as a class action."  The exclusions of  28 U.S.C. § 1332(d)(5) do not apply.  *See* Exh. A, ¶ 74 (Complaint alleging class "composed of more than 100 persons").

9.      There is more than $5,000,000 in controversy.  Under § 1332(d)(6), the amount in controversy in a putative class action is determined by aggregating the amount at issue in the claims of all members of the putative class.

10.     When removal is sought under CAFA, the amount in controversy requirement should be "interpreted expansively." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (citing S. Rep. No. 109-14, at 42 (2005)).  "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008).  If the Court is uncertain whether the amount in controversy exceeds $5 million, "the court should err in favor of exercising jurisdiction over the case." *Yeroushalmi v. Blockbuster, Inc.*, No. CV 05-225-AHM(RCX), 2005 WL 2083008, at *3, (C.D. Cal. July 11, 2005) (citing S. Rep. No. 109-14, at 42 (2005)).  Attorney's fees sought by the plaintiff are included in the amount in controversy. *Jasso v. Money Mart Express, Inc.*, No. 11-CV-5500 YGR, 2012 WL 699465, at *6–7 (N.D. Cal. Mar. 1, 2012).

DEFENDANTS' NOTICE OF REMOVAL

11.     If a plaintiff fails to plead an amount in controversy in a class action complaint, a defendant seeking removal must prove by only a preponderance of the evidence that the damages claimed exceed $5,000,000. *Ibarra*, 775 F.3d at 1196.

12.     Here, Plaintiffs do not plead an amount in controversy.   Rather, they seek declaratory and injunctive relief, restitution, compensatory damages equal to the aggregate amount of all purchases by the putative class during the Class Period (i.e., from December 23, 2012 through the present, Compl. ¶ 72), and attorneys' fees and costs.  *See* Compl. ¶¶ 105, 115, 117.   Plaintiffs explicitly identify the sale of six beverages ("CD Products") during the Class Period as the basis for their claims.  *See* Compl. ¶ 21 (identifying Canada Dry Ginger Ale, Canada Dry Ginger Ale - Made With Real Sugar, Canada Dry Diet Ginger Ale, Canada Dry Blackberry Ginger Ale, Canada Dry Cranberry Ginger Ale, and Diet Cranberry Ginger Ale).

**(a)     The compensatory damages and restitution sought by Plaintiffs well exceed $5,000,000.**

13.     Plaintiffs seek compensatory damages, equal to the aggregate amount of all purchases by the putative class during the Class Period, and restitution. *See* Compl. ¶ 105 (Plaintiffs and putative class allegedly "suffered damages, including, without limitation, the amount they paid" for the CD Products); *id.* ¶ 115 ("plaintiffs and the class members lost the amount they paid" for CD Products); *see also id.* ¶ 117 (requesting recovery of "all monies acquired by Defendants" from the sales of CD Products alleged in the Complaint).

14.     The aggregate "amount [] paid" by Plaintiffs and the putative class for CD Products in California well exceeds $5,000,000.  *See* Exh. B, Falk Decl. ¶ 6 ("Exh. B").

15.     Indeed, California sales of Canada Dry Diet Ginger Ale -- which is *just one* of the six CD Products alleged in the Complaint -- exceeded $7.25 million in *each* of the four calendar years embraced by the Class Period.   *Id.* ¶ 7.   Thus, the alleged damages sought from the California sales of that one product, during any year embraced by the Class Period, *alone* is enough to satisfy CAFA's $5,000,000 amount-in-controversy requirement.

**(b)** **The 100 class members requirement has been satisfied.**

16.     The proposed class contains at least 100 members, as is also required for removal under CAFA.  *See* 28 U.S.C. § 1332(d)(5)(B).  Plaintiffs seek to represent a class of "[a]ll persons who, between December 23, 2012 and the present, purchased any of Defendants' [CD] Products [as specified in the Complaint]."  Compl. ¶ 72.  Plaintiffs estimate that the proposed class "is composed of more than 100 persons" and that "[t]he persons in the Class are so numerous that the joinder of all such persons is impracticable." *Id.* ¶ 74.

**(c)** **Minimum diversity is satisfied.**

17.     Finally, the requisite "minimum diversity" of citizenship exists under CAFA, 28 U.S.C. §§ 1332(d)(2) and (d)(7).  Plaintiffs are all citizens of California.  *See* Exh. A, ¶¶ 5–6 (Complaint identifying both named plaintiffs as residents of California).  Defendants DPSG and DPSU are citizens of Texas and Delaware, because they are corporations incorporated under the laws of Delaware, with their principal places of business in Plano, Texas. *See id.* ¶¶ 7–8.  Thus, Defendants are citizens of a state different from at least one putative class member, and the requisite diversity exists under 28 U.S.C. § 1332(d)(2)(A).

18.     Accordingly, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d), and it may be removed to this Court under 28 U.S.C. §§ 1441, 1446, and 1453(b).

## Second Ground for Removal: Diversity Jurisdiction

19.     This Court also separately has removal jurisdiction of this action pursuant to 28 U.S.C. § 1332(a) (diversity jurisdiction where more than $75,000 is in controversy).

20.     The required diversity under 28 U.S.C. § 1332(a)(1) exists because, as set forth above, Defendants are citizens of Texas and Delaware and Plaintiffs are citizens of California. *See supra* ¶ 17.

21.     The amount in controversy exceeds $75,000, exclusive of interest and costs.  In addition to compensatory damages and restitution, Plaintiffs seek to "enjoin[]" Defendants from, among other things, advertising, labelling, distributing, and selling CD Products as 'Made from Real Ginger.'" Compl. ¶¶ 85, 98, 119, Prayer For Relief A(2)-(4), B(2).  If so enjoined, even the cost of removing existing products bearing the "Made from Real Ginger" label from retailers in

DEFENDANTS' NOTICE OF REMOVAL

California would well exceed $75,000.  *See* Exh. B, ¶ 9; *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016) (noting that the amount in controversy to establish diversity jurisdiction includes, *inter alia*, the cost of complying with requested injunction).   Still greater expense would be incurred should Defendants be required to undertake other steps required to comply with the injunction sought by the Complaint.  Exh. B, ¶ 9.

22.     Accordingly, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(a) and it may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

**Compliance With Procedural Requirements**

23.     Because this Notice of Removal was filed within 30 days of the receipt of the Complaint and Summons, each served upon Defendants on January 5, 2017, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

24.     Removal to this District and Division is proper pursuant to 28 U.S.C. § 1441(a), since the U.S. District Court for the Northern District of California embraces the place where the state court action was formerly pending.

25.     Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders served upon Defendants in the state court action are attached hereto.

26.     Pursuant to 28 U.S.C. § 1446(d), Defendants have served this Notice of Removal on Plaintiffs and have filed a Notice of Defendants' Notice of Removal with the Superior Court.

**Conclusion**

For all of the reasons stated above, this action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a) and (d).  Accordingly, this action is removable pursuant to 28 U.S.C. §§ 1441(a) and 1453.

WHEREFORE, Defendants give notice that the above-described action pending against them in the Superior Court for the County of Santa Cruz is removed to this Court.

DEFENDANTS' NOTICE OF REMOVAL

1    DATED:        February 3, 2017        **By:** /s/ Jonathan A. Shapiro

2

3                                          **BAKER BOTTS L.L.P.**
                                           Jonathan A. Shapiro (SBN# 257199)
                                           jonathan.shapiro@bakerbotts.com
4                                          101 California Street, Suite 3600
                                           San Francisco, CA  94111
5                                          Telephone:    (415) 291-6204
                                           Facsimile:    (415) 2916304
6
                                           Van H. Beckwith (*pro hac vice* to be filed)
7                                          van.beckwith@bakerbotts.com
                                           Jessica E. Underwood (*pro hac vice* to be filed)
8                                          jessica.underwood@bakerbotts.com
                                           2001 Ross Avenue, Suite 600
9                                          Dallas, TX 75201-2980
                                           Telephone:    (214) 953-6500
10                                         Facsimile:    (214) 953-6503

11                                         Attorneys for Defendants
                                           DR PEPPER SNAPPLE GROUP, INC. AND
12                                         DR PEPPER/SEVEN UP, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendants' Notice of Removal

CERTIFICATE OF SERVICE
*Jackie Fitzhenry-Russell, et. al. v. Dr Pepper Snapple Group, Inc., et. al.*
USDC-ND, San Jose Division, Case No. _____

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 101 California Street, Suite 3600, San Francisco, California, 94111. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On February 3, 2017, I served the following document:

**DEFENDANTS DR PEPPER SNAPPLE GROUP, INC. AND DR PEPPER/SEVEN UP, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332(a) AND (d), 1441(b), 1446, AND 1453**

I served the document on the following persons at the following address (including a fax number and email addresses, if applicable):

| | |
|---|---|
| Gutride Safier LLP<br>Adam J. Gutride, Esq.<br>Seth A. Safier, Esq.<br>Marie A. McCrary, Esq.<br>Kristen G. Simplicio, Esq.<br>*Attorneys for Plaintiff* | 100 Pine Street, Suite 1250<br>San Francisco, CA 94111<br>Tel: 415.271.6469<br>Fax: 415.449.6469 |

The document was served by the following means:

☒ **(BY U.S. MAIL)** I enclosed the document in a sealed envelope or package addressed to the persons at the address listed above and placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, on the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service, in a sealed envelope of package with the postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 1/3/17

Katrina E. Hardy

DEFENDANTS' NOTICE OF REMOVAL