**GUTRIDE SAFIER LLP**
ADAM J. GUTRIDE (State Bar No. 181446)
SETH A. SAFIER (State Bar No. 197427)
MARIE A. MCCRARY (State Bar No. 262670)
KRISTEN G. SIMPLICIO (State Bar No. 263291)
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 271-6469
Facsimile: (415) 449-6469

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKIE FITZHENRY-RUSSELL AND ROBIN DALE, individuals, on behalf of themselves, the general public and those similarly situated,<br><br>    Plaintiffs,<br><br>              v.<br><br>DR. PEPPER SNAPPLE GROUP, INC. and DR. PEPPER/SEVEN UP, INC.,<br><br>    Defendants. | CASE NO. 17-cv-00564<br><br>**PLAINTIFFS' DISCOVERY DISPUTE NO. 1** |

Plaintiffs served document requests on Defendants on May 30, 2017. Defendants' responses were due on July 3, 2017. Rather than serving responses, Defendants' counsel sent a letter on June 27 stating that discovery was not open because the parties had not yet conferred as required by Federal Rule of Civil Procedure 26(f). There is no merit to Defendants' position.

As confirmed by counsels' email correspondence, the parties met and conferred on April 18, 2017 at 11:00 a.m. PST to discuss each of the Rule 26(f) topics. According to notes taken by Plaintiffs' counsel during the call, the parties agreed to "proceed with this 26(f) as if it's going to be the lead case." Defense counsel then proposed to table discussion of the discovery plan, but Plaintiffs declined, and the parties proceeded to discuss whether discovery should be bifurcated and whether the default discovery limits should be adjusted. The parties agreed that Plaintiffs' counsel would prepare a draft protective order and Defendants' counsel would prepare a draft of proposed case deadlines. Plaintiffs did not refuse to discuss any issues raised by Defendants during that conference. At no point in time prior to Plaintiffs' service of requests for production did Defendants claim that there were any outstanding Rule 26 issues that had not been discussed.

On June 16, Defendants asserted for the first time in the joint case management statement (Dkt. # 51) that they believed that another Rule 26 conference was required. They explained that counsel for the plaintiffs in a later-filed case, *Arash Hashemi, et al. v. Dr. Pepper Snapple Group, Inc., et al.*, 3:17-cv-02341-VC ("*Hashemi*"), should participate in a case management conference with the Plaintiffs' counsel in this case, so that Defendants' counsel would not have to approach the cases separately and deal with inconsistent proposals.

The *Hashemi* case had no bearing on Plaintiffs' Rule 26 obligations then or now. At the time that the June 16 joint case management statement was filed, this case and the *Hashemi* case had not been related or consolidated. Rule 26 imposes no obligation on litigants to coordinate or confer with counsel in other cases, even if Defendants' counsel wishes to do so. Further, although the cases were subsequently consolidated, the *Hashemi* case still has no effect on Plaintiffs' Rule 26 obligations, because all of the *Hashemi* plaintiffs dismissed their claims. The consolidated complaint, which was filed on July 19, includes only the claims of the original plaintiffs in this case. Defendants do not dispute that the original plaintiffs met and conferred pursuant to Rule 26.

In a written letter sent on Wednesday, July 12, 2017, Plaintiffs informed Defendants that their failure to serve responses by the deadline constituted a waiver of all their objections. Plaintiffs also pointed out that Defendants' position – that discovery is not yet open in this case – was implicitly rejected by Judge Cousins when he ruled from the bench on Defendants' motion to dismiss on April 19, 2017. At that time, he ordered Plaintiffs to amend the complaint within fourteen days to clarify a few issues and stated that he wanted the parties to "move this case along." (Dkt. # at 32.) And yet, nearly three months later, Defendants claim that Plaintiffs prematurely served discovery requests. Plaintiffs demanded that Defendants serve their responses immediately or provide times to meet and confer on a motion to compel.

Defendants responded on Monday, July 17, again stating that the requests for production were premature because there are additional case management issues to be discussed. During the following week, the parties exchanged further correspondence on the dispute. Plaintiffs' counsel repeatedly stated that they are willing to meet and confer on case management issues, but that they will not agree to restart the clock on Defendants' responses. Further, Plaintiffs' counsel reiterated their demand to meet and confer with Defendants regarding their failure to respond to the requests for production, to avoid necessity of a motion to compel. Plaintiffs' counsel also sent a draft of this joint statement to Defendants' counsel on July 20.

Defendants refused to meet and confer about their failure to serve responses and failed to provide their portion of this discovery dispute statement so it could be filed jointly, despite repeated requests that they do so. Further, they are unwilling to meet and confer about case management issues until the middle of August.[1] While Plaintiffs' counsel has agreed to discuss case management issues at the time Defendants request, that discussion will not resolve this discovery dispute. Rather, this Court's guidance is required, because Defendants have failed to provide timely responses to the outstanding requests and are continuing to refuse to do so, are purporting to reserve objections that should be deemed waived, and are insisting that discovery is not even open.

---

[1] One of the issues on Defendants' agenda for the August meet and confer is another copycat case recently filed in the Central District of California – apparently in the hope that they can push out their discovery obligations even further.

| | | |
|---|---|---|
| 1 | DATED: July 25, 2017 | */s/ Marie A. McCrary      /* |
| 2 | | Adam J. Gutride |
| | | Seth A. Safier |
| 3 | | Marie A. McCrary |
| | | Matthew T. McCrary |
| 4 | | GUTRIDE SAFIER LLP |
| 5 | | Attorneys for Plaintiffs Jackie Fitzhenry-Russell and Robin Dale |

-3-

PLAINTIFFS' DISCOVERY DISPUTE NO. 1