1  **BAKER BOTTS L.L.P.**
Jonathan A. Shapiro (SBN# 257199)
2  jonathan.shapiro@bakerbotts.com
101 California Street, Suite 3600
3  San Francisco, CA 94111
Telephone:    (415) 291-6204
4  Facsimile:    (415) 291-6304

5  Van H. Beckwith (*pro hac vice*)
van.beckwith@bakerbotts.com
6  Jessica E. Underwood (*pro hac vice*)
jessica.underwood@bakerbotts.com
7  2001 Ross Avenue, Suite 600
Dallas, TX 75201-2980
8  Telephone:    (214) 953-6500
Facsimile:    (214) 953-6503
9
Attorneys for Defendants
10 DR PEPPER SNAPPLE GROUP, INC. AND
DR PEPPER/SEVEN UP, INC.
11

UNITED STATES DISTRICT COURT
12 FOR THE NORTHERN DISTRICT OF CALIFORNIA

13

| | |
|---|---|
| JACKIE FITZHENRY-RUSSELL AND ROBIN DALE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DR PEPPER SNAPPLE GROUP, INC., DR PEPPER/SEVEN UP, INC., and DOES 1-50,<br><br>Defendants. | Case No. 5:17-cv-00564-NC<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST DISCOVERY DISPUTE LETTER** |

1   Defendants respectfully ask that the Court consider this response because *(i)* Defendants did not have an opportunity to respond before the Court issued its Order; and *(ii)* Plaintiffs did not attach the documents that Defendants explicitly requested they attach to their letter (those documents are attached as exhibits here).  Defendants believe there is no substantive discovery dispute that requires intervention today.  The parties have never had a meaningful conversation about the topics required by Rule 26(f), which is the trigger date for responses under Rule 26(d).  On Friday, Plaintiffs finally agreed—after four requests—to meet and confer on August 14 & 16 to tackle *all* the open Rule 26(f) issues, including the one Plaintiffs have now accelerated—well in advance of the August 31 deadline for the Joint Case Management Statement ("CMS").

   1. Rule 26 requires the parties to collaborate on threshold topics *before* serving discovery. *See* Fed. R. Civ. P. 26(d).  The parties have never done so.  As is evident in the CMS filed on June 16, 2016, there are many key topics required by Rule 26(f) and by the Standing Order for All Judges of this Court that need attention.[1]

   2. Plaintiffs misrepresent that "Defendants do not dispute that the original plaintiffs met and conferred pursuant to Rule 26," and that the Rule 26(f) requirement was satisfied on April 18, 2017.  No CMS was filed at that time.  To the contrary, Defendants explicitly (and redundantly) stated that the parties had *not* done their Rule 26(f) homework in the CMS filed on June 16.  *See e.g.*, CMS, ECF Docket # 51 at 4 ("As a result, Defendants have never had an opportunity to participate in the sort of scheduled, methodical conversation that is expected of all counsel under [FRCP] 26 and Civ. L.R. 16-9."); *see also id.* at 8–9 ("[T]he parties have not had any meaningful discussions about how to pragmatically manage this case . . . ."); *id.* at 9 (same); *id.* at 11 (same). Defendants took that same position *three more times*: in a letter to Plaintiffs, dated June 27, 2017 (Exh. A); in an email on July 17, 2017 (Exh. B); and in another email dated July 20, 2017 (Exh.

---

[1] The never-negotiated topics include: *(i)* whether any issues exist regarding personal jurisdiction or venue; *(ii)* a proposed deadline for amending the pleadings; *(iii)* limitations or modifications of the discovery rules; *(iv)* a stipulated e-discovery order; *(v)* a proposed discovery plan pursuant to Rule 26(f); *(vi)* other identified discovery disputes; *(vii)* the amount of any damages sought and a description of the bases on which damages are calculated; *(viii)* key motions necessary to position the parties to negotiate a resolution; *(ix)* issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial, and any request to bifurcate issues, claims, or defenses; *(x)* proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference, and trial.

1  C).  So it is just not true that Defendants "do not dispute" the basis for Plaintiffs' letter.

2  3.  Plaintiffs further misrepresent that Defendants have refused to meet and confer.  In fact, Defendants requested that Plaintiffs provide dates for a Rule 26(f) conference in emails dated July 17 (Exh. B), July 19 (Exh. D), July 20 (Exh. C), and finally on July 21 (Exh. E, F).[2] Only after the *fourth* request did Plaintiffs agree (last Friday) to dates for a meeting.

4. This entire discovery dispute erupted last Thursday, for no good reason.  On June 27, 2017, Defendants sent a letter stating that the deadline for our responses had not yet triggered because, as also stated in our joint CMS on June 16, 2017, the parties needed to satisfy our Rule 26 obligations.  Plaintiffs said nothing on the topic in the CMS, nor did they say anything when we were in Court on June 28, 2017.  Plaintiffs did not even respond to our June 27 letter for over two weeks.  After all that silence, last Thursday, July 20, Plaintiffs surfaced with an urgent need to address this issue, imposing urgent deadlines for counsel to react or face motion practice.  (There may very well be issues to discuss—for example, any challenges Plaintiffs have to our objections to discovery after we make them—but those ought not be brought prematurely in the absence of a real emergency or prejudice.  Defendants anticipate that there may be other issues in our August CMS that ought be dealt with in the usual fashion, without upending everything.)

5.  Finally, Plaintiffs cannot brush aside the fact that the lead counsel competition between the *Fitzhenry* and *Hashemi* attorneys for weeks precluded any constructive conversation until it was resolved last month.  That is clear from the CMS itself.  Defendants repeatedly asked, without response, for counsel to make a joint proposal.

6. At the end of the day, Defendants' position is, and has been, that case management and discovery should be conducted in a systematic, non-chaotic way.  Defendants therefore suggest that Plaintiffs raise this, and any other issues, at our scheduled meeting in August, and request that the Court order the parties to conduct this meeting in person.[3]

---

[2] The Court may note that email chains between the parties are difficult to follow, because Plaintiffs' counsel repeatedly excises selected portions of our prior correspondence in their responses.  *See* July 24, 2017 email (Exh. G).

[3] There is nothing sinister about Defendants' proposing to meet and confer the week of August 14—the undersigned simply cannot commit to discovery plans without client permission, and this case is managed by corporate counsel who will just be returning from vacation that week.

DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST
DISCOVERY DISPUTE LETTER

- 2 -

CASE NO. 5:17-CV-00564-NC

| | | |
|---|---|---|
| DATED: | July 26, 2017 | Respectfully submitted, |
| | | By: /s/ *Jonathan A. Shapiro* |

**BAKER BOTTS L.L.P.**
Jonathan A. Shapiro (SBN# 257199)
jonathan.shapiro@bakerbotts.com
101 California Street, Suite 3600
San Francisco, CA 94111
Telephone:   (415) 291-6204
Facsimile:    (415) 2916304

Van H. Beckwith (*pro hac vice*)
van.beckwith@bakerbotts.com
Jessica E. Underwood (*pro hac vice*)
jessica.underwood@bakerbotts.com
2001 Ross Avenue, Suite 600
Dallas, TX 75201-2980
Telephone:   (214) 953-6500
Facsimile:    (214) 953-6503

Attorneys for Defendants
DR PEPPER SNAPPLE GROUP, INC. AND DR PEPPER/SEVEN UP, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2017, I electronically filed the above document with the U.S. District Court for the Northern District of California by using the CM/ECF system. All participants in the case are registered CM/ECF users who will be served by the CM/ECF system.

/s/ Jonathan A. Shapiro
Jonathan A. Shapiro

DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST
DISCOVERY DISPUTE LETTER

- 4 -

CASE NO. 5:17-CV-00564-NC