**GUTRIDE SAFIER LLP**
ADAM J. GUTRIDE (State Bar No. 181446)
SETH A. SAFIER (State Bar No. 197427)
MARIE A. MCCRARY (State Bar No. 262670)
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 271-6469
Facsimile: (415) 449-6469

*Attorneys for Plaintiffs*

**BAKER BOTTS L.L.P.**
Jonathan A. Shapiro (SBN# 257199)
101 California Street, Suite 3600
San Francisco, CA 94111
Telephone: (415) 291-6204
Facsimile: (415) 291-6304

Van H. Beckwith (pro hac vice)
Jessica E. Underwood (pro hac vice)
2001 Ross Avenue, Suite 600
Dallas, TX 75201-2980
Telephone: (214) 953-6500
Facsimile: (214) 953-6503

Attorneys for Defendants,
DR PEPPER SNAPPLE GROUP, INC. AND
DR PEPPER/SEVEN UP, INC.

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKIE FITZHENRY-RUSSELL, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> DR PEPPER SNAPPLE GROUP, INC., ET AL., <br><br> Defendants. | Case No. 5:17-CV-00564-NC <br><br> **JOINT STATEMENT ON DEPOSITION SCHEDULING ISSUES** |

The parties have met and conferred in an attempt to reach agreement on the scheduling of depositions in this litigation. The parties respectfully request the Court to help resolve their remaining differences.

**I.     30(b)(6) Depositions**

PLAINTIFFS' STATEMENT

Given Defendants' representations that they would produce their documents by "mid-September,"[1] Plaintiffs served their notices of 30(b)(6) depositions of Defendants on September 14, 2017. Plaintiffs set the deposition for October 10-11 in Dallas, Texas. However, in the notices, Plaintiffs expressed a willingness to meet and confer with Defendants regarding dates. Plaintiffs made the same offer to Defendants in a separate writing. To date, Defendants have refused to meet and confer on dates and/or the topics, or even to produce many of the documents relevant to the deposition. Plaintiffs accordingly seek a Court order directing that all responsive documents be produced and witnesses made available no later than November 15, 2017.

DEFENDANTS' STATEMENT

Defendants have not refused to meet and confer regarding deposition dates.  Indeed, as early as August 29, 2017, Defendants attempted to meet and confer with Plaintiffs' counsel regarding deposition scheduling: Defendants only served notices to depose the lead Plaintiffs after Plaintiffs did not respond to *Defendants'* request to confer on scheduling.  Contrary to Plaintiffs' position, Defendants are willing to meet and confer on scheduling depositions, as evidenced by their requests to do so.  With respect to Plaintiffs' contention that Defendants have refused to produce documents, Defendants began a rolling production on September 15, 2017, and are continuing to prepare documents for production, notwithstanding their objections to Plaintiffs' overbroad and unreasonable requests for production.[2]  Because Defendants are willing to meet and confer on deposition scheduling, and have never expressed an unwillingness to do so, Defendants

---

[1] To date, Defendants have produced only 33 pages of documents.

[2] This production reflects the understanding reached during the parties' Rule 26(f) conference on August 16, 2017, that Defendants' would begin a rolling production on September 15, 2017.

believe this "dispute" is premature and intervention by the Court is unnecessary at this juncture.

**II.    Depositions of Named Plaintiffs**

PLAINTIFFS' STATEMENT

Plaintiffs are not refusing to appear for depositions. On the contrary, Plaintiffs have repeatedly offered to meet and confer with Defendants to agree upon a comprehensive discovery plan, which includes a timeline for the production of relevant, responsive documents and deposition dates and locations. Defendants have consistently refused to do so and have instead adopted a "do as we say, not as we do" position when it comes to discovery.

For example, although Plaintiffs served their initial document requests nearly four months ago on May 30, 2017, Defendants did not produce any documents until September 15, and then, they produced only 33 pages. Defendants have yet to produce the documents requested by Plaintiffs that they presumably intend to use at Plaintiffs' depositions. Nor have Defendants produced all the documents identified in their initial disclosures. Defendants also insist on dates from Plaintiffs for their depositions but refuse to give any for their witnesses. Discovery as to all issues relating to certification is open and Defendants provide no explanation for their attempt to prioritize their discovery issues while refusing to provide the discovery requested by Plaintiffs.

Moreover, if Defendants would have taken Plaintiffs up on their offer to meet and confer on a comprehensive discovery plan, Plaintiffs would have informed them that they and their counsel are not (and were not) available on the noticed dates, including the suggested weekend dates. Plaintiffs then would have met and conferred regarding convenient times and locations for their depositions.

Plaintiffs again suggest that this Court order Defendants to produce all responsive documents and for the parties' to reach agreement on the scheduling of Plaintiffs' and Defendants' depositions to be completed prior to November 15, 2017.

DEFENDANTS' STATEMENT

On August 29, 2017, Defendants' counsel contacted Plaintiffs' counsel about scheduling the depositions of two Plaintiffs (Jackie Fitzhenry-Russell and Robin Dale), as required by Local Rule 30-1. Defendants *proposed seven different dates* for their depositions—October 2, 3, 4, 5, 6,

7 or 8.  Defendants even offered two dates of the weekend (October 7 and 8) if that made it easier to accommodate Plaintiffs' work or personal schedules.  Defendants did not receive any response from Plaintiffs for a week, so Defendants wrote Plaintiffs again a week later, on September 5, asking which dates worked best for Ms. Fitzhenry and Ms. Dale.   Still receiving no response on the issue, Defendants served deposition notices on September 7, noticing Ms. Dale's deposition for October 5 and Ms. Fitzhenry's deposition for October 6.   After being served with the deposition notices, Plaintiffs' counsel finally responded, stating, "[o]nce we get Defendants' documents, we can met and confer and put together a comprehensive deposition schedule."   Defendants declined to defer the depositions.  *See* Exhibit A, Email Chain.  As evidenced by the attached Email Chain, Plaintiffs' statement that Defendants refused to "take[ ] Plaintiffs up on their offer to meet and confer on a comprehensive discovery plan," is a plain misstatement of the communications between the parties.

There is no cause to allow Plaintiffs to unilaterally delay and cancel their own depositions. Plaintiffs filed this case several months ago, making serious allegations of fraud against Defendants, claiming to speak on behalf of all American consumers.  There is no basis in the Rules to delay to these depositions, especially now that written discovery is well underway.  Federal Rule of Civil Procedure 26(d)(3) is clear that discovery may be taken "in any sequence" and that "discovery by one party does not require any other party to delay its discovery."  Plaintiffs were adamant about Defendants responding to their requests for production urgently, and producing their initial set of documents in September.  Defendants have and will continue to cooperate with these requests, but Plaintiffs are not absolved from cooperating and complying with the Rules. Defendants are happy to discuss scheduling other depositions, but Plaintiffs' counsel cannot simply refuse to produce two Plaintiffs for deposition because no other depositions have been scheduled yet.  The Court should compel Plaintiffs to appear for their depositions on the dates noticed, as they have not identified any conflicts with these dates or any prejudice they would suffer by having to sit for their depositions at this time.

Dated: September 20, 2017                Respectfully submitted,

                                                    GUTRIDE SAFIER LLP
                                                  */s/ Seth Safier*
                                                  Attorneys for Plaintiffs

                                                  BAKER BOTTS L.L.P.
                                                  */s/ Jonathan A. Shapiro*
                                                  Attorneys for Defendants

## ATTORNEY ATTESTATION

    I, Jonathan Shapiro, hereby attest, pursuant to Civil Local Rule 5-1(i)(3) of the Northern District of California, that the concurrence to the filing of this document has been obtained from each signatory hereto.

                                                  */s/ Jonathan A. Shapiro*
                                                Jonathan A. Shapiro
                                                jonathan.shapiro@bakerbotts.com

                                                Counsel for Defendants
                                                DR PEPPER SNAPPLE GROUP, INC. AND
                                                DR PEPPER/SEVEN UP, INC.