**GUTRIDE SAFIER LLP**
ADAM J. GUTRIDE (State Bar No. 181446)
SETH A. SAFIER (State Bar No. 197427)
MARIE A. MCCRARY (State Bar No. 262670)
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 271-6469
Facsimile: (415) 449-6469

*Attorneys for Plaintiffs*

**BAKER BOTTS L.L.P.**
Jonathan A. Shapiro (SBN# 257199)
101 California Street, Suite 3600
San Francisco, CA 94111
Telephone: (415) 291-6204
Facsimile: (415) 291-6304

Van H. Beckwith (pro hac vice)
Jessica E. Underwood (pro hac vice)
2001 Ross Avenue, Suite 600
Dallas, TX 75201-2980
Telephone: (214) 953-6500
Facsimile: (214) 953-6503

Attorneys for Defendants,
DR PEPPER SNAPPLE GROUP, INC. AND
DR PEPPER/SEVEN UP, INC.

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKIE FITZHENRY-RUSSELL, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> DR PEPPER SNAPPLE GROUP, INC., ET AL., <br><br> Defendants. | Case No. 5:17-CV-00564-NC <br><br> **JOINT STATEMENT ON PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

The parties have met and conferred in an attempt to resolve disputes relating to Plaintiffs' First Set of Requests for Production ("RFP"). Plaintiffs have agreed to narrow several requests, and Defendants have agreed to produce documents in response to several requests. However, the parties have disputes relating to the vast majority of Plaintiffs' requests. The parties respectfully request that the Court resolve their differences regarding the RFPs.

PLAINTIFFS' STATEMENT

Defendants have refused to produce any documents in response to the vast majority of Plaintiffs' RFPs.[1] With respect to many of these requests—RFPs: 5, 7–15, 17–21, 25, 26, 28, 29, 34, 45, 47—Defendants responded that they "may be amenable" to producing documents "if Plaintiffs can narrow the request."[2] But this response is improper. "[T]here is no requirement for a party to narrow its discovery requests if opposing counsel refuses to produce any documents." *Contemp. Servs. Corp. v. Landmark Event Staffing Servs. Inc*, No. SACV0900681BROANX, 2014 WL 12707491, at *2 (C.D. Cal. June 26, 2014). Rather, Rule 34(b)(3)(C) is clear that when a party objects to a request it must "specify the part [to which it objects] and permit inspection of the rest." Thus, "[i]t is improper to withhold production of a document to which a party has no valid objections, solely on the grounds that the request is too broad, or asks for information the requester is not entitled to. Instead, ***the requested party must produce the un-objectionable documents***, even if it asserts objections or privileges to other documents encompassed within the same request." *Morgan Hill Concerned Parents Ass'n v. California Dep't of Educ.*, No. 2:11-CV-3471 KJM AC, 2016 WL 304564, at *3 (E.D. Cal. Jan. 26, 2016) (emphasis added).[3]

Defendants do not, and cannot contend that there are ***no subsets*** of properly discoverable documents within these requests. For example, RFP 8 requests the production of documents "RELATING TO DEFENDANTS' decision to MARKET the CANADA DRY GINGER ALES with the representation that they are 'MADE FROM REAL GINGER.'" Likewise, RFP 11 requests the production of documents that "RELATE TO ANY REPORTS about consumer perception,

---

[1] On September 15, Defendants produced 33 pages of documents, primarily labels for the various products and sales-related data.

[2] Plaintiffs' RFPs to each Defendant are attached as Exhibit A; they are materially identical. Each Defendant's responses and objections are attached as Exhibit B and are also materially identical.

[3] *See also Moulton v. Bane*, No. 14-CV-265-JD, 2015 WL 7568583, at *4 (D.N.H. Nov. 24, 2015) ("If Bane and PCE believed that the requests covered documents that were too burdensome to produce, they were required to produce documents in response to the parts of the request that were not unduly burdensome and to specifically object to the parts of the requests that were. It was not reasonable for Bane and PCE to simply refuse to produce any documents because they believed that portions of Moulton's requests were overbroad.").

understanding, or comprehension of the phrase 'MADE FROM REAL GINGER'" Plaintiffs other RFPs likewise call for the production of at least some relevant and proportionate documents, and yet Defendants refuse to produce any documents whatsoever or even identify what they believe would be proportionate and not too burdensome to produce. And, although Defendants complain below about requests relating to "beverages," Plaintiffs already agreed to limit those to ginger ales.

Moreover, by failing to respond within the required time period, Defendants waived their objections to Plaintiffs' document requests. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). Plaintiffs served their requests on May 30. Under Rule 34, Defendants' objections were due within 30 days, i.e., June 29. Defendants did not serve their objections until over a month later on July 31. Defendants' excuse for not timely responding is wholly manufactured. The parties held their Rule 26(f) conference on April 18, and Plaintiff circulated a draft CMC statement based on the call. As a result, document discovery opened. Defendants then unilaterally decided the parties needed to discuss additional matters relating to consolidation with the *Hashemi* case, even though the cases were not then consolidated, and Plaintiffs ultimately opposed consolidation. Defendants cannot unilaterally decide after the fact that a Rule 26(f) conference was insufficient and thereby delay document discovery, particularly when the Court instructed the parties to "move this case along" the very next day. April 19 Tr. 32:7.

Defendants have also asserted other objections that are ripe for the Court to address. For example, Defendants object to producing any documents outside of California. Although the Court's ruling on the personal jurisdiction issue should resolve the majority of this dispute, even if the Court determines Plaintiffs cannot assert any more than a California class, some documents outside of California remain properly discoverable. For example, all consumer complaints or inquiries regarding Defendants' ingredients or "MADE FROM REAL GINGER" label are relevant regardless of the state of origin, as would be any internal marketing studies of consumer behavior, label usage, etc., such as the documents requested in RFPs 9–14, 16–20, 31–33. *See, e.g.*, *Sanbrook v. Office Depot*, No. C07-5938RMWPVT, 2009 WL 840019, at *2 (N.D. Cal. Mar. 30, 2009) ("Complaints Defendant received from customers outside of California are relevant, at a minimum, to show what it knew or should have known at particular points in time . . . . Thus, Defendant must

produce responsive documents from states other than California.").

Defendants have likewise objected to producing documents on the ground that certain requests are not limited "temporally" or to the "putative class period." However, many relevant events took place prior to the start of the class period. For example, Defendants decided to use the "MADE FROM REAL GINGER" label, developed their "natural flavor" compound, and may have performed consumer research relating to their label and perception of the same before the start of the class period. Plaintiffs cannot have any meaningful discussion with Defendants regarding an appropriate time frame until Plaintiff knows when these events may have taken place.

Defendants also object to producing their document retention and destruction policies in response to RFPs 52 and 53, even though it is well established these policies are discoverable. *See, e.g.*, *Sharma v. BMW of N. Am. LLC*, No. 13CV02274MMCKAW, 2016 WL 1019668, at *4 (N.D. Cal. Mar. 15, 2016) (compelling production of document retention policies and holding that it was relevant to "assess the company's document production, determine whether any relevant documents are lacking, and evaluate whether additional discovery is necessary in this case").

DEFENDANTS' STATEMENT

On July 31, 2017, Dr Pepper Snapple Group, Inc. served responses and objections to Plaintiffs' initial set of requests for production to DPSG under Rule 34, agreeing to produce key categories of requested material. On September 5, 2017, Dr Pepper/Seven Up, Inc. responded to Plaintiffs' initial set of requests for production to DPSU (17 days early). On September 15, 2017, Defendants began a rolling production of those documents. The notion that Defendants resisted discovery of the most relevant information in this case *completely disregards* the fact that they have committed to producing seven major categories of documents, have already produced a number of those documents, and continue to prepare additional documents for production.[4]

---

[4] Defendants have produced, among other things, exemplars of the labels of Canada Dry Ginger Ales sold in California during the putative class period, documents sufficient to identify the ingredients contained in the Canada Dry Ginger Ales sold in California during the putative class period, and documents showing the sales of Canada Dry Ginger Ale by retailers and locations in California during the class period (and the sale prices). Further, as the court well knows, document productions tend to be most voluminous with respect to electronic discovery. Defendants recently

Defendants agreed to produce documents in response to a number of Plaintiffs' requests, and objected to other requests because, contrary to Rule 26(b)(1), they called for information irrelevant to the dispute, while many others cast a net disproportionately broad and burdensome to the needs of this case. For example, a challenge to the Canada Dry Ginger Ale label can be fairly litigated without "all documents" related to the pricing of *any beverage* (including water) and related to "all" of Defendants' competitors' products. Defendants cannot be called upon to produce "all" of a number of categories of information, given the proportionality and other limitations imposed by Rule 26(b)(1). *See* Request Nos. 5, 8–15, 17– 21, 25–26, 31, 33–34, 38–40, 45, 47–48, 56. In most instances, Defendants are amenable to considering, or discussing narrowed requests compliant with the Rules, but thus far, Plaintiffs have declined to narrow any of their requests.

For instance, Defendants objected to Plaintiffs' broad requests for production of "DOCUMENTS sufficient to establish DEFENDANTS' policies, procedures, or practices for the preservation of DOCUMENTS," Requests No. 52, and their even broader requests for "ALL DOCUMENTS that RELATE TO ANY instructions or directives to hold, preserve, or destroy DOCUMENTS that refer or RELATE TO the CANADA DRY GINGER ALES and testing thereof," Requests No. 53. These requests plainly seek information that this Court has held is protected by attorney-client privilege. *See In re eBay Seller Antitrust Litig.*, No. C07-01882, 2007 WL 2852364, at *2 (N.D. Cal. Oct. 2, 2007). Further, Plaintiffs' requests are *far broader* and more burdensome than those at issue in the case Plaintiffs rely upon above. *Compare Sharma v. BMW of N. Am. LLC*, No. 13-CV-02274-MMC (KAW), 2016 WL 1019668, at *3–4 (N.D. Cal. Mar. 15, 2016) (seeking *only* retention policy currently in effect, the policy in effect in 2008, and the policy in effect when case was filed), *with PersonalWeb Techs. LLC v. Google, Inc.*, No. C13-01317 EJD (HRL), 2014 WL 4088201, at *3 (N.D. Cal. Aug. 19, 2014) (denying order to compel production of *all* document retention policies and litigation hold notices) *and* Request No. 53 ("ALL

---

identified custodians in their Initial Disclosures, served September 6, 2017, and Plaintiffs only recently sent Defendants proposed search terms for electronic discovery on September 15, 2017. Of course, Defendants anticipate there will be voluminous responsive discovery served after electronic discovery commences.

DOCUMENTS that RELATE TO ANY instructions or directives to hold, preserve, or destroy DOCUMENTS that refer or RELATE TO the CANADA DRY GINGER ALES and testing thereof").

Defendants also disagree that they have waived their objections to Plaintiffs' requests for production. Defendant Dr Pepper Snapple Group, Inc. responded to Plaintiffs' initial requests on June 27, 2017, within 30 days of receipt, stating explicitly its reliance on Federal Rule of Civil Procedure 34(b)(2)(A). On July 31, within three business days of the Court's order resolving whether the Rule 34(b)(2)(A) deadline controlled, DPSG served its Responses and Objections. Plaintiffs cannot—*and do not*—claim prejudice by receiving these Responses and Objections on July 31, when the pleadings were not yet closed (and still have not closed) and while a substantial jurisdictional question still exists as to most of the case. Indeed, Plaintiffs did not even respond to Defendants' June 27, 2017 letter until July 12, 2017.

The present circumstances are plainly dissimilar from those in which courts have found waiver of objections to requests for production. *See, e.g.*, *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (holding defendant waived objection based on secrecy laws where Defendant did not raise objection until *seven months* after document requests were served); *Berman v. Knife River Corp.*, No. 5:11-CV-03698-PSG, 2014 WL 12647750, at *1 & n.3 (N.D. Cal. Aug. 15, 2014) (holding that plaintiff waived objections to RFPs where, *nearly two years* after receiving document requests, plaintiff had still failed to respond). Here, DPSG responded to Plaintiffs' requests for production within the 30-day period for a response, stating it did not believe the discovery period had opened. Plaintiffs did not express their disagreement with Defendants' position until July 12, 2017. The issue was then brought before the Court, and within three days of the Court's order, Defendants served their responses and objections. A finding that Defendants waived their objections on these facts is neither supported nor justified. Nonetheless, it appears this issue is now moot; on August 22, 2017, Plaintiffs re-served the same requests for production on Dr Pepper/Seven Up, Inc., and Defendants timely (indeed, 17 days early) objected to these requests on September 5, 2017.

5
Joint Statement, Case No. 5:17-CV-00564-NC

Dated: September 21, 2017                     Respectfully submitted,

                                                      GUTRIDE SAFIER LLP
                                                    */s/ Seth Safier*
                                                    Attorneys for Plaintiffs

                                                    BAKER BOTTS L.L.P.
                                                    */s/ Jonathan A. Shapiro*
                                                    Attorneys for Defendants

## **ATTORNEY ATTESTATION**

      I, Jonathan Shapiro, hereby attest, pursuant to Civil Local Rule 5-1(i)(3) of the Northern District of California, that the concurrence to the filing of this document has been obtained from each signatory hereto.

                                                    */s/ Jonathan A. Shapiro*
                                                    Jonathan A. Shapiro
                                                    jonathan.shapiro@bakerbotts.com

                                                    Counsel for Defendants
                                                    DR PEPPER SNAPPLE GROUP, INC. AND
                                                    DR PEPPER/SEVEN UP, INC.