UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKIE FITZHENRY-RUSSELL, and others,<br><br>        Plaintiffs,<br><br>        v.<br><br>DR. PEPPER GROUP, INC., and others,<br><br>        Defendants. | Case No. 17-cv-0564 NC<br><br>**ORDER RESOLVING DISCOVERY DISPUTES AND SETTING DISCOVERY HEARING ON SEPTEMBER 27 AT 1:00 P.M.**<br><br>Re: ECF 82, 83, and 85 |

In this putative nationwide class action suit alleging false and deceptive labeling, advertising, marketing, and sale of the soft drink Canada Dry Ginger Ale, the parties present a trio of discovery disputes. In the interest of a "just, speedy, and inexpensive" determination of this case under Fed. R. Civ. P. 1, the Court in this order resolves the issues presented in letter briefs ECF 82 and 85. The Court also sets a hearing on September 27, 2017, at 1:00 p.m. to discuss the scheduling disputes in ECF 83.

First, in ECF 82, the parties dispute one section (7.5) of a proposed protective order. Fed. R. Civ. P. 26(c) permits the Court to enter a protective order on "good cause." Here, plaintiffs propose a provision that would allow the proposed class representatives an easier path to access information designated highly confidential/attorneys' eyes only by defendants under the terms of the protective order. Defendants, on the other hand, propose the model protective order of the Northern District of California, without the addition of

Case No. 17-cv-0564 NC

section 7.5. On the information presented, the Court is not persuaded that there is good cause for the addition of section 7.5. Defendants are cautioned, however, that they must not abuse the "highly confidential" designation. If the class representatives are prevented from meaningfully representing the class because of the discovery designations, plaintiffs may return to Court and explain their actual prejudice. The parties are ordered to file their proposed stipulated protective order, without section 7.5, by September 25.

Next, in ECF 85, the parties dispute defendants' objections to plaintiffs' first set of document requests.

Plaintiffs contend that the defendants waived objection by responding on July 31, more than a month late under Rule 34. The Court is not persuaded there was a waiver, given that there was an amended consolidated complaint filed during the time period defendants were responding and there is a good faith dispute about when the scheduling conference concluded.

Defendants state they "may be amenable" to producing documents in response to requests 5, 7-15, 17-21, 25, 26, 28, 29, 34, 45, and 47. This response is unsatisfactory under Fed. R. Civ. P. 34. Rule 34(b)(2)(B) requires the responding party to "state with specificity the grounds for objecting to the request, including the reasons." Rule 34(b)(2)(C) requires the responding party to "specify the part [to which it objects] and permit inspection of the rest." Defendants' objections are overruled, as they have not permitted inspection or agreed to produce the categories of documents to which they do not specifically object.

Next, defendants object to producing documents outside of California. That objection is overruled. Defendants object to producing their document retention and destruction policies. Those objections are overruled.

Defendants are ordered to serve amended Rule 34(b)(2) document responses and objections by September 26, consistent with this order.

Finally, in ECF 83, the parties disagree about the scheduling of depositions. The Court is disappointed by this report, as the parties are expected to cooperate on scheduling.

The Court orders the parties to try again. If the parties are unable to resolve the scheduling disputes by 5:00 p.m. on September 26, then each party must file a proposed order with its specific request for where and when each disputed deposition will take place. The Court will hold a hearing on September 27 starting at 1:00 p.m. No telephonic participation is permitted. The losing party may be required to pay fees and costs in connection with ECF 83.

**IT IS SO ORDERED.**

Dated: September 21, 2017

_____
NATHANAEL M. COUSINS
United States Magistrate Judge