IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

JACKIE FITZHENRY-RUSSELL AND
GEGHAM MARGARYAN, individuals,
on behalf of themselves, the
general public and those
similarly situated,

        Plaintiffs,

v.                             No.  5:17-cv-00564-NC

KEURIG DR PEPPER, INC., DR
PEPPER/SEVEN UP, INC., and
DOES 1-50,

        Defendants.
_____/

Deposition of

ITAMAR SIMONSON, Ph.D.

Wednesday, August 29, 2018

**CERTIFIED COPY**

REPORTED BY:  CINDY TUGAW, CSR #4805

NOGARA REPORTING SERVICE
5 Third Street, Suite 415
San Francisco, California 94103
(415) 398-1889

```
 1          BE IT REMEMBERED that, pursuant to
 2  Deposition Subpoena and on Wednesday, the 29th day
 3  of August, 2018, commencing at the hour of 9:00
 4  o'clock a.m. thereof, at Baker Botts, 101
 5  California Street, Suite 3600, San Francisco,
 6  California, before me, CINDY TUGAW, a Certified
 7  Shorthand Reporter in the State of California,
 8  personally appeared,
 9              ITAMAR SIMONSON, Ph.D.,
10  called as an expert witness by the Plaintiffs,
11  having been by me first duly sworn, was examined
12  and testified as hereinafter set forth.
13                      ---o0o---
14              APPEARANCES OF COUNSEL
15  For the Plaintiff
        GUTRIDE SAFIER, LLP
16      100 Pine Street, Suite 1250
        San Francisco, California 94111
17      BY:  MATTHEW McCRARY, Attorney at Law
        (415) 639-9090
18

19
    For the Defendants
20      BAKER BOTTS
        2001 Ross Avenue
21      Dallas, Texas 75201
        BY:  MONICA H. SMITH, Attorney at Law
22      (214) 953-6929

23  Also Present:  Hector Aldana, Video Operator

24                      ---o0o---

25
```

| | | |
|---|---|---|
| 1 | VIDEO OPERATOR: This is tape No. 1 in the | 09:00:49 |
| 2 | video deposition of Itamar Simonson, in the case of | 09:00:54 |
| 3 | Fitzhenry-Russell versus Keurig Dr Pepper in the | 09:00:58 |
| 4 | United States District Court for the Northern | 09:01:00 |
| 5 | District of California, Case No. 5:17-cv-00564-NC. | 09:01:09 |
| 6 | Today is August 29th, and the time is 9:01 | 09:01:15 |
| 7 | a.m. The deposition is taking place pursuant to | 09:01:18 |
| 8 | the notice of -- at the offices of Baker Botts, | 09:01:21 |
| 9 | LLP, located at 101 California Street, San | 09:01:24 |
| 10 | Francisco, California. | 09:01:26 |
| 11 | My name is Hector Aldana. I am the | 09:01:28 |
| 12 | videographer. My company is Film Crew SF, and my | 09:01:32 |
| 13 | business address is 222 Columbus Avenue, 402, San | 09:01:37 |
| 14 | Francisco, California. The original videotapes of | 09:01:40 |
| 15 | this deposition will be maintained by counsel for | 09:01:42 |
| 16 | plaintiff, Gutride Safier, LLP, 100 Pine Street, | 09:01:46 |
| 17 | Suite 1250, San Francisco, California 94111. | 09:01:51 |
| 18 | Would counsel please introduce themselves. | 09:01:52 |
| 19 | MR. McCRARY: My name is Matt McCrary, Gutride | 09:01:55 |
| 20 | Safier, LLP, on behalf of the plaintiffs. | 09:01:58 |
| 21 | MS. SMITH: Monica Smith of Baker Botts on | 09:01:58 |
| 22 | behalf of the defendants. | 09:02:03 |
| 23 | VIDEO OPERATOR: Would the court reporter | 09:02:04 |
| 24 | please swear the witness. | 09:02:06 |
| 25 | ITAMAR SIMONSON, Ph.D., | 09:02:06 |

| | | |
|---|---|---|
| 1 | having been by me first duly sworn, was examined | 09:02:06 |
| 2 | and testified as hereinafter set forth. | 09:02:06 |
| 3 | EXAMINATION BY MR. McCRARY | 09:02:13 |
| 4 | MR. McCRARY:  Q.  Good morning, Dr. Simonson. | 09:02:15 |
| 5 | Thank you for being here. | 09:02:17 |
| 6 | A.  Good morning. | 09:02:17 |
| 7 | Q.  Can you please state your full name and | 09:02:19 |
| 8 | address for record, please. | 09:02:21 |
| 9 | A.  Itamar Simonson, 1561 Newlands Avenue, | 09:02:27 |
| 10 | Burlingame. | 09:02:29 |
| 11 | Q.  And what's your primary occupation? | 09:02:33 |
| 12 | A.  University professor. | 09:02:35 |
| 13 | Q.  And what university, sir? | 09:02:36 |
| 14 | A.  Stanford University. | 09:02:38 |
| 15 | Q.  Have you served as an expert witness | 09:02:40 |
| 16 | before? | 09:02:40 |
| 17 | A.  Yes. | 09:02:41 |
| 18 | Q.  About how many times? | 09:02:43 |
| 19 | A.  I don't have the number.  Numerous times. | 09:02:47 |
| 20 | Q.  In the past four years, do you have a | 09:02:49 |
| 21 | guess or a ballpark figure of how many times? | 09:02:53 |
| 22 | A.  Not -- not really. | 09:02:55 |
| 23 | Q.  Okay. | 09:02:55 |
| 24 | A.  As you know, I produced an exhibit which | 09:02:59 |
| 25 | lists cases during the past four years in which I | 09:03:05 |

| | | |
|---|---|---|
| 1 | Q.  Do you understand that you've been | 09:03:48 |
| 2 | designated as a rebuttal witness to Dr. Hastak? | 09:03:52 |
| 3 | A.  I believe so.  I'm -- I'm not sure that's | 09:03:57 |
| 4 | exactly the definition, but I think that's correct. | 09:04:00 |
| 5 | Q.  What is your understanding of your role in | 09:04:02 |
| 6 | this case? | 09:04:03 |
| 7 | A.  I think it's primarily to respond to | 09:04:06 |
| 8 | Dr. Hastak. | 09:04:09 |
| 9 | Q.  And do you know Dr. Hastak? | 09:04:10 |
| 10 | A.  I don't think that we've met. | 09:04:14 |
| 11 | Q.  Do you know of Dr. Hastak? | 09:04:16 |
| 12 | A.  Now I do. | 09:04:18 |
| 13 | Q.  Did you know of him prior to this case? | 09:04:20 |
| 14 | A.  I probably heard his name previously. | 09:04:24 |
| 15 | Q.  Are you familiar with any of his work -- | 09:04:27 |
| 16 | and I should state -- prior to this litigation? | 09:04:31 |
| 17 | A.  I don't think I was. | 09:04:34 |
| 18 | Q.  So you wouldn't be familiar with any of | 09:04:37 |
| 19 | his work for the Federal Trade Commission, is that | 09:04:38 |
| 20 | correct? | 09:04:40 |
| 21 | A.  I don't think so.  I mean -- yeah -- no, I | 09:04:44 |
| 22 | think the answer is I don't recall reading his | 09:04:47 |
| 23 | articles. | 09:04:49 |
| 24 | Q.  Do you know that he's regularly worked | 09:04:50 |
| 25 | with the FTC for over 20 years? | 09:04:52 |

| | | |
|---|---|---|
| 1 | time.  I certainly saw it yesterday. | 09:14:18 |
| 2 | Q.  Were you preparing for your deposition | 09:14:20 |
| 3 | yesterday? | 09:14:20 |
| 4 | A.  I was. | 09:14:24 |
| 5 | MR. McCRARY:  Let's go ahead and mark this one | 09:14:26 |
| 6 | as Exhibit 801. | 09:14:29 |
| 7 | (Plaintiffs' Exhibit 801 marked for | 09:14:29 |
| 8 | identification.) | 09:15:06 |
| 9 | MR. McCRARY:  Q.  Once you've had a chance to | 09:15:15 |
| 10 | look at this document, Dr. Simonson, can you | 09:15:18 |
| 11 | confirm whether this is a true and correct copy of | 09:15:21 |
| 12 | the expert report you submitted in this case? | 09:15:23 |
| 13 | A.  It appears to be. | 09:15:24 |
| 14 | Q.  And does it include the exhibits or the | 09:15:27 |
| 15 | appendices to your report as well? | 09:15:30 |
| 16 | A.  I think so. | 09:15:34 |
| 17 | Q.  And if you look at page 47, that's your | 09:15:37 |
| 18 | signature? | 09:15:42 |
| 19 | A.  Yes. | 09:15:44 |
| 20 | Q.  If you can go ahead and turn to paragraph | 09:15:56 |
| 21 | 21, which is on page 10.  In here you state that | 09:16:16 |
| 22 | "marketing experts are not mind-readers:  without | 09:16:18 |
| 23 | proper, specific support, an expert cannot reach | 09:16:21 |
| 24 | any conclusion based on his speculation regarding | 09:16:22 |
| 25 | what consumers probably think regarding one | 09:16:26 |

| | | |
|---|---|---|
| 1 | claim at all, is that correct? | 09:17:14 |
| 2 | A.  Correct. | 09:17:15 |
| 3 | Q.  Have you done any empirical testing about | 09:17:17 |
| 4 | Canada Dry Ginger Ale more broadly? | 09:17:20 |
| 5 | A.  No. | 09:17:20 |
| 6 | Q.  At all? | 09:17:22 |
| 7 | So based on paragraph 21, you're not | 09:17:26 |
| 8 | offering any opinion regarding how consumers | 09:17:28 |
| 9 | interpret or understand the phrase "Made from Real | 09:17:31 |
| 10 | Ginger," is that correct? | 09:17:34 |
| 11 | A.  I wouldn't go that far. | 09:17:37 |
| 12 | Q.  What would you say, then? | 09:17:38 |
| 13 | A.  I wouldn't say specifically about this | 09:17:42 |
| 14 | phrase.  However, I can opine and testify in | 09:17:51 |
| 15 | general about the manner in which consumers make | 09:17:56 |
| 16 | purchase decisions regarding products such as soft | 09:18:01 |
| 17 | drinks, and the likelihood that they would form | 09:18:06 |
| 18 | inferences about any particular statement on a | 09:18:11 |
| 19 | package. | 09:18:12 |
| 20 | Q.  And I think I understand that.  I just | 09:18:14 |
| 21 | want to make sure.  You're not offering any opinion | 09:18:16 |
| 22 | that would say, in my opinion, reasonable consumers | 09:18:19 |
| 23 | think made from real ginger means X, is that | 09:18:22 |
| 24 | correct? | 09:18:22 |
| 25 | A.  That's correct. | 09:18:26 |

| | | |
|---|---|---|
| 1 | great believers. | 15:04:16 |
| 2 | So, yeah, there are some people who | 15:04:20 |
| 3 | believe that conjoint can be used not just for its | 15:04:25 |
| 4 | traditional purposes, but for speculations | 15:04:30 |
| 5 | regarding price premiums. | 15:04:41 |
| 6 | Q. You raise several criticisms of | 15:04:44 |
| 7 | Dr. Dennis' surveys in this case. Is that fair to | 15:04:47 |
| 8 | say? | 15:04:47 |
| 9 | A. Very fair to say. | 15:04:47 |
| 10 | Q. Did you read Dr. Befurt's initial report, | 15:04:51 |
| 11 | not the one that had the materiality survey that we | 15:04:54 |
| 12 | just discussed, but his initial report -- I think | 15:04:56 |
| 13 | it was from May of 2018 -- in which he also | 15:04:59 |
| 14 | criticized Dr. Dennis' studies? | 15:05:01 |
| 15 | A. I did. | 15:05:02 |
| 16 | Q. Are you aware that you raised many of the | 15:05:05 |
| 17 | same criticisms that Dr. Befurt did? | 15:05:06 |
| 18 | A. Some of the -- some of the issues are | 15:05:09 |
| 19 | similar, like the closed-ended questions, the | 15:05:12 |
| 20 | leading questions, focalism. | 15:05:15 |
| 21 | Q. Lack of controls? | 15:05:15 |
| 22 | A. Lack of control, correct. But I think | 15:05:18 |
| 23 | that Dr. Befurt -- I guess we're pronouncing his | 15:05:24 |
| 24 | name differently. | 15:05:25 |
| 25 | Q. You might know better than I. | 15:05:27 |

| | | |
|---|---|---|
| 1 | A.  Not necessarily.  In any case, we have, I | 15:05:30 |
| 2 | think, somewhat different background, and I have | 15:05:36 |
| 3 | somewhat different perspective.  I teach those | 15:05:40 |
| 4 | principles that I'm talking about.  So I think I | 15:05:42 |
| 5 | bring a different perspective.  Even though we may | 15:05:46 |
| 6 | be talking about focalism, and closed-ended | 15:05:50 |
| 7 | questions, and the lack of control, I think we are | 15:05:55 |
| 8 | saying it in different ways and focus on different | 15:05:58 |
| 9 | things. | 15:05:59 |
| 10 | Q.  Are you aware that the court already | 15:06:01 |
| 11 | accepted the Dennis studies as sufficiently | 15:06:03 |
| 12 | reliable under the relevant legal standard despite | 15:06:06 |
| 13 | the criticisms of lack of control, leading | 15:06:09 |
| 14 | questions, closed-ended questions -- | 15:06:12 |
| 15 | MS. SMITH:  Objection.  Form. | 15:06:13 |
| 16 | THE WITNESS:  I didn't read the decision like | 15:06:15 |
| 17 | that.  I think, actually, they -- the court | 15:06:18 |
| 18 | referred to Dennis -- at least one of the studies | 15:06:21 |
| 19 | as shaky, and I think that the court said that -- | 15:06:27 |
| 20 | and I don't remember the exact words.  My | 15:06:29 |
| 21 | understanding is the court decided the studies were | 15:06:34 |
| 22 | not so unreliable that they could not continue -- | 15:06:40 |
| 23 | so they -- they -- they required exclusion at this | 15:06:45 |
| 24 | early stage. | 15:06:48 |
| 25 | But it seems that the court did have some | 15:06:51 |

```
 1   measuring satisfaction.  In that case, it's              16:01:05
 2   possible that I was interested simply in how             16:01:09
 3   satisfied they are and was not interested in any         16:01:14
 4   causal relationship.  In other words, I was not          16:01:19
 5   trying to establish whether this or that feature         16:01:23
 6   caused customers to be very satisfied or very            16:01:30
 7   dissatisfied.                                            16:01:33
 8        Q.   And is it, in your opinion, the testing of    16:01:36
 9   a causal relationship that requires the use of a         16:01:39
10   testing control design?                                  16:01:41
11        A.   Yes.                                           16:01:42
12        MR. McCRARY:  Thank you.  I don't have any          16:01:43
13   further questions for you, Dr. Simonson.                 16:01:45
14        MS. SMITH:  I have no questions.                    16:01:48
15        VIDEO OPERATOR:  Can you state your name?           16:01:50
16   Sorry.                                                   16:01:50
17        THE WITNESS:  Itamar, I-t-a-m-a-r, Itamar           16:01:52
18   Simonson.                                                16:01:54
19        VIDEO OPERATOR:  This concludes the videotaped      16:01:56
20   deposition of Itamar Simonson.  The time is 4:02         16:02:04
21   p.m.                                                     16:02:04
22             (Whereupon, the deposition                     16:02:04
23              concluded at 4:02 o'clock p.m.)               16:02:04
24                       ---oOo---
25
```

1   STATE OF CALIFORNIA    )
                           )
2   COUNTY OF SAN FRANCISCO )

3       I, CINDY TUGAW, a Certified Shorthand
4   Reporter of the State of California, duly
5   authorized to administer oaths pursuant to Section
6   8211 of the California Code of Civil Procedure, do
7   hereby certify that
8           ITAMAR SIMONSON, Ph.D.,
9   the witness in the foregoing deposition, was by me
10  duly sworn to testify the truth, the whole truth
11  and nothing but the truth in the within-entitled
12  cause; that said testimony of said witness was
13  reported by me, a disinterested person, and was
14  thereafter transcribed under my direction into
15  typewriting and is a true and correct transcription
16  of said proceedings.
17      I further certify that I am not of counsel
18  or attorney for either or any of the parties in the
19  foregoing deposition and caption named, nor in any
20  way interested in the outcome of the cause named in
21  said caption.
22      Dated the 13th day of September, 2018.
23
24
25          CINDY TUGAW
            CSR No. 4805 (California)